# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> -v- <br><br> BOSTON SCIENTIFIC CORPORATION, J. RAYMOND ELLIOTT, JAMES R. TOBIN, and SAMUEL R. LENO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 1:10-CV-10593-PBS |

**MEMORANUM OF LAW IN SUPPORT OF IRON WORKERS LOCALS 40, 361, 417 UNION SECURITY FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF ITS SELECTION OF COUNSEL FOR THE CLASS</u>**

Iron Workers Locals 40, 361, 417 Union Security Funds ("Iron Workers Locals 40"), respectfully submits this memorandum in support of its motion to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Act of 1995 (the "PSLRA"), and for approval of its selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and the law firm of Gilman and Pastor, LLP as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

This action arises from allegations concerning violations of the federal securities laws by Boston Scientific Corporation ("Boston Scientific" or the "Company") and certain of its officers (collectively "Defendants"). During the period from April 20, 2009 through March 12, 2010, inclusive (the "Class Period"), Defendants failed to disclose that the Company's cardiac rhythm management ("CRM") products, which accounted for a major portion of its revenues, were being sold in violation of Food and Drug Administration ("FDA") regulations. and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must consider which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether there has been a *prima facie* showing that that movant is an adequate and typical class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Iron Workers Locals 40 believes that it is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of investors in this action. As set forth in more detail below,

Iron Workers Locals 40's significant financial interest in this matter is evidenced by, among other things, its loss on its investments in Boston Scientific securities during the Class Period. The Certification required by the PSLRA setting forth Iron Workers Locals 40's transactions in Boston Scientific securities is attached hereto as Exhibit B.  A chart reflecting the calculations of the losses of Iron Workers Locals 40 is attached hereto as Exhibit C.  These transactions and losses demonstrate that Iron Workers Locals 40 has a large financial interest in this matter.

Moreover, as a sophisticated institutional investor with assets of approximately $792 million and experience supervising counsel in complex securities litigation, Iron Workers Locals 40 is the prototypical lead plaintiff envisioned by the PSLRA.  *See In re American Italian Pasta Company Securities Litigation*, 05-cv-0725-W-ODS (W.D. Mo.).  Iron Workers Locals 40 wants to strengthen corporate governance and protect investors from fraudulent reporting by publicly traded companies such as Boston Scientific, as well as ensuring that the Class will benefit from the active involvement and supervision of class counsel.  Thus, the Court can be assured that the appointment of Iron Workers Locals 40 will fulfill Congress' goal in enacting the PSLRA to empower an institutional investor with a real financial interest in the litigation and that Iron Workers Locals 40 will vigorously represent the interests of the Class.

## FACTUAL BACKGROUND

BSX is a worldwide developer, manufacturer and marketer of medical devices, including products that focus on the treatment of cardiac arrhythmias and heart failure.  Most of BSX's CRM products are implantable cardiac defibrillator ("ICD") systems used to detect and treat abnormally fast heart rhythms (tachycardia).  These include implantable cardiac resynchronization therapy defibrillator ("CRT-D") systems used to treat heart failure, and implantable pacemaker systems used to manage slow or irregular heart rhythms (bradycardia).

BSX's entry into the CRM market resulted primarily from its 2006 acquisition of Guidant Corp.

Following the acquisition, BSX claimed that its CRM business had stabilized and was poised for growth with the introduction of new products, including the COGNIS and TELIGENT line of ICD devices. Accepting defendants' claims that BSX had finally turned the corner, Moody's Investors Service, Standard & Poor's Rating Services and Fitch all raised their ratings on BSX securities in early 2009. In each of its first two quarters of 2009, BSX reported that its domestic CRM business had returned to double-digit growth, reporting 10% growth in 1Q09 and 11% growth in 2Q09.

On March 15, 2010, investors suffered a blow when BSX unexpectedly announced, before the market opened, that it was suspending all sales of its ICD devices because it had failed to notify regulators of changes in how it manufactures the devices. The Company said it had stopped shipment of the implants and was recalling its previously shipped inventory. In a press release issued that day, the Company said that it was aware of at least two instances in which "manufacturing process changes were not submitted for [FDA approval]." The process changes affected virtually all of BSX's ICD product families, including the COGNIS products.

On this news, BSX shares dropped 12.6%, to close at $6.80 per share, on volume of 243 million shares.

## ARGUMENT

## I.   IRON WORKERS LOCAL 40 SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published

notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Iron Workers Locals 40 satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

## A.    <u>Iron Workers Locals 40 Is Willing to Serve as Lead Plaintiff</u>

On April 9, 2010, counsel in the above captioned action against the defendants caused a notice ("Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of Boston Scientific securities that they had until June 8, 2010, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached as Exhibit A to the Declaration of Marc I. Gross ("Gross Decl.").

Iron Workers Locals 40 has filed the instant motion pursuant to the Notice and has attached a Certification attesting that it is willing to serve as a Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary.  *See* Gross Decl., Ex. B.  Brian J. Sabbagh was authorized by the Board of Trustees of the Iron Workers Local 40 upon counsel

for the Board to execute Iron Workers Locals 40's Certification and move for appointment as lead plaintiff on behalf of the Class.  Accordingly, Iron Workers Locals 40 satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Iron Workers Locals 40 Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

Iron Workers Locals 40 believes that it has the largest financial interest of any of the movants sought by the Class.  Iron Workers Locals 40 purchased (1) 238,690 shares of Boston Scientific securities; (2) expended $1,816,535 for its purchases of Boston Scientific securities; (3) retained all of its Boston Scientific securities; and (4) suffered a loss of $189,457.  *See* Gross Decl., Ex. C.  S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *State Univ. Ret. Sys. Of Ill. V. Sonus Networks, Inc.*, No. 06-CV-10040, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006).  Because Iron Workers Locals 40 possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.  Iron Workers Locals 40 Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfy the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996); *Sonus Networks, Inc.*, 2006 WL 3827441, at \*2. Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (recognizing that a plaintiff seeking appointment as lead plaintiff need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements).

Iron Workers Locals 40 fulfills all of the requirements of Rule 23. A proposed lead plaintiff satisfies the typicality requirement when its claims and injuries "arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *In re Lernout & Hauspie Sec. Litig*. 138 F. Supp. 2d at 46 (citation omitted); *see also Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 264 (D. Mass. 2005) ("To summarize, the typicality analysis is a functional one addressed primarily to the question of whether the putative class representative can fairly and adequately pursue the interests of the absent class members

without being sidetracked by her own particular concerns."); *Sonus Networks, Inc.* 2006 WL 3827441, at *2 (movant made *prima facie* showing of typicality where there was "no indication that the circumstances of its losses [were] markedly different than those of other class members or [were] based on a legal theory that is not generally applicable").

Iron Workers Locals 40 also satisfies the adequacy requirement of Rule 23.   This requirement is satisfied if the movant has "common interests and an absence of conflict with the class members and [its] attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie,* 138 F. Supp. 2d at 46.   Iron Workers Locals 40 readily meets the adequacy requirements.   Iron Workers Locals 40's interests are the same as those of other class members – *i.e.*, to hold the Defendants liable for their violations of the federal securities laws and to seek recovery of the damages caused to investors who purchased Boston Scientific securities at artificially inflated prices during the Class Period.   Further, there are no facts that indicate any conflicts of interest between Iron Workers Locals 40 and other class members.

As such, Iron Workers Locals 40 shares substantially similar questions of law and fact with the members of the Class and its claims are typical of the members of the class.   Iron Workers Locals 40 and all members of the Class allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Boston Scientific.   Iron Workers Locals 40, as did all of the members of the Class, purchased Boston Scientific securities during the Class Period at prices artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and were damaged thereby.   These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Iron Workers Locals 40 and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Iron Workers Locals 40'a motion to serve as Lead Plaintiff of the Class.

### D.    Iron Workers Locals 40 Fairly and Adequately Represents the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Iron Workers Locals 40 as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Iron Workers Locals 40's ability and desire to fairly and adequately represent the Class have been discussed above.  Iron Workers Locals 40 is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class.  Accordingly, Iron Workers Locals 40 should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Iron Workers Locals 40 has selected the Pomerantz firm as Lead Counsel and Gilman and Pastor, LLP as Liaison Counsel.  The Pomerantz firm is highly experienced in the area of

securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Gross Decl., Ex. D. Gilman and Pastor, LLP is likewise a prominent firm representing plaintiffs in securities class action litigation and has similarly achieved substantial recoveries on behalf of investors. *See* Gross Decl., Ex. E. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Iron Workers Locals 40's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Iron Workers Locals 40 selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

**REQUEST FOR ORAL ARGUMENT**

Iron Workers Locals 40 hereby respectfully requests oral argument on the instant motion.

**CONCLUSION**

For the foregoing reasons, Iron Workers Locals 40 respectfully requests the Court issue an Order (a) appointing Iron Workers Locals 40 as Lead Plaintiff of the Class; (b) approving Pomerantz Haudek Grossman & Gross LLP as Lead Counsel and Gilman and Pastor, LLP as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: June 8, 2010

Respectfully submitted,

**GILMAN AND PASTOR LLP**

/s/ David Pastor
David Pastor
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
Email: dpastor@gilmanpastor.com

9

**POMERANTZ HAUDEK**
 **GROSSMAN & GROSS LLP**
Marc I. Gross
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone:     (212) 661-1100
Facsimile:     (212) 661-8665

**POMERANTZ HAUDEK**
 **GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

**Attorneys for Iron Workers Locals 40, 361, 417**
**Union Security Funds**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) and paper copies will be sent to those indicated as non-registered participants on June 8,

2010.

/s/ David Pastor
David Pastor