# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:10-cv-10593-PBS |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | MEMORANDUM OF LAW IN SUPPORT |
| | ) | OF MOTION OF CITY OF ROSEVILLE |
| vs. | ) | EMPLOYEES' RETIREMENT SYSTEM |
| | ) | FOR APPOINTMENT AS LEAD |
| BOSTON SCIENTIFIC CORPORATION, et al., | ) ) | PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

526509_2

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of Boston Scientific Corp. common stock ("BSX" or the "Company") between April 20, 2009 and March 12, 2010, inclusive (the "Class Period").  The Action charges BSX and certain of its senior managers with violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff City of Roseville Employees' Retirement System ("Roseville"), hereby moves this Court for an order: (i)  appointing it as lead plaintiff in the Action; and (ii) approving its selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as lead counsel and Shapiro Haber & Urmy LLP ("Shapiro Haber") to serve as liaison counsel.

This motion is made on the grounds that Roseville is the most adequate plaintiff, as defined by the PSLRA, to represent the class.  Roseville, who filed this Action, suffered a loss of approximately $5,416.07 in connection with its purchases of BSX common stock during the Class Period.  *See* Stewart Decl., Ex. B.[1]  Moreover, Roseville, for the purposes of this Motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the

---

[1]    References to the "Stewart Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Adam M. Stewart in Support of the Motion of City of Roseville Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated June 8, 2010 and submitted herewith.

claims of the putative class members and that it will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

BSX is a worldwide developer, manufacturer and marketer of medical devices, including products that focus on the treatment of cardiac arrhythmias and heart failure. Most of BSX's Cardiac Rhythm Management ("CRM") products are implantable cardiac defibrillator ("ICD") systems used to detect and treat abnormally fast heart rhythms (tachycardia). These include implantable cardiac resynchronization therapy defibrillator ("CRT-D") systems used to treat heart failure, and implantable pacemaker systems used to manage slow or irregular heart rhythms (bradycardia).

The complaint charges BSX and certain of its officers and directors with violations of the Exchange Act.   Specifically, during the Class Period, defendants made materially false and misleading statements regarding BSX's business and prospects.   Defendants' statements to investors during the Class Period misrepresented existing facts known to defendants or recklessly disregarded by them, or omitted to disclose facts defendants knew or disregarded that were necessary to make the statements made not misleading to investors, including the following: (a) sales and demand for the Company's CRM products had been substantially and materially inflated by the payment of illegal and improper inducements to health care professionals; (b) a material portion of the Company's CRM reported or anticipated revenues resulted from the sale of products which had been manufactured without required Food & Drug Administration ("FDA") approval, such that they were subject to recall and refund or replacement; (c) demand for the Company's CRM products had weakened due to the curtailment and cessation of payments of illegal and improper inducements to health care professionals, which defendants attributed to other factors; and (d) defendants failed to timely or fully disclose the problems and defects in the headers of certain of the Company's ICD

products such that defendants' statements about CRM sales in general and sales of ICDs in particular were materially misleading.

On March 15, 2010, before the market opened, BSX announced that it was suspending sales of and was recalling all of its ICD and CRT-D devices because it had changed the manufacturing process for the devices without obtaining FDA approval. On this news, BSX shares dropped 12.6%, to close at $6.80 per share, on volume of 243 million shares.

## III.   ARGUMENT

### A.   Roseville Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §§78u-4(a)(3)(A)(i).  Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on April 9, 2010.  *See* Stewart Decl., Ex. A.[2]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff.  15 U.S.C. §§78u-4(a)(3)(A) & (B).

---

[2]     The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted).

526509_2

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see State Universities Ret. Sys. of Illinois v. Sonus Networks, Inc.*, No. 06-10040-MLW, 2006 WL 3827441, at *1 (D. Mass. Dec. 27, 2006); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001).

### 2. Roseville Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Roseville Timely Moves for Appointment as Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on June 8, 2010. 15 U.S.C. §78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite time frame, Roseville timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

The authorized representative of Roseville has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Stewart Decl., Ex. C. In addition, Roseville has selected and retained competent counsel to represent it and the class. *See*

- 4 -

Stewart Decl., Exs. D, E.  Accordingly, Roseville is entitled to have its application for appointment as lead plaintiff and selection of counsel considered and approved by the Court.

### b.     Roseville Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Stewart Decl. Ex. C, Roseville purchased BSX common stock in reliance upon materially false and misleading statements issued by the defendants and were injured thereby.  In addition, Roseville incurred a loss of $5,416.07 on its transactions in BSX common stock. Stewart Decl., Ex. B.  Roseville, thus, has a significant financial interest in this case. 15 U.S.C. §78u-4(a)(3)(B).

### c.     Roseville Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  *Lernout*, 138 F. Supp. 2d at 46 ("Only the last two prongs, typicality and adequacy, need to be satisfied for purposes of this inquiry."); *Sonus Networks*, 2006 WL 3827441, at *2 ("MPERS has made the *prima facie* showing of adequacy and typicality required by Rule 23"). Consequently, in deciding a motion to serve as

lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Greebel*, 939 F. Supp. at 60 (lead plaintiff motions and class certification motions involve distinct inquiries; Congress implicitly understood that lead plaintiff motions "would be decided prior to consideration of certification issues").   Roseville satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  Typicality exists where a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Lernout*, 138 F. Supp. 2d at 46.  Moreover, "[f]or the plaintiff to meet this burden, it need not show identical claims."  *Id.*

Roseville satisfies this requirement because, just like all other class members, it: (1) purchased BSX common stock during the Class Period; (2) purchased BSX common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby.   Thus, its claims are typical of those of other class members since every claim arises out of the same course of events and are based on the same legal theories.  *Sonus Networks*, 2006 WL 3827441, at *2  ("There is no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable.").

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23 (a)(4).  "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and

that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *Lernout*, 138 F. Supp. 2d at 46.

Here, Roseville is an adequate representative of the class because its interests in the Action are clearly aligned with the members of the class, and there is no evidence of any antagonism between Roseville and the other members of the class. Further, Roseville has taken significant steps that demonstrate that it will protect the interests of the class: it filed this Action and it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Roseville *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

Moreover, Roseville is an institutional investor and precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); *see also Lernout*, 138 F. Supp. 2d at 43 (the PSLRA responds to congressional desire "'to increase the likelihood that institutional investors will serve as lead plaintiffs'") (citation omitted).

### B.     The Court Should Approve Roseville's Choice of Lead and Liaison Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this Action, Roseville has selected Robbins Geller to serve as lead counsel. This firm has substantial

- 7 -

experience in the prosecution of shareholder and securities class actions.  *See* Stewart Decl., Ex. D.

Additionally, Roseville has selected Shapiro Haber, a well regarded and experienced firm residing in

this District, to serve as liaison counsel.  *See* Stewart Decl., Ex. E.

Thus, the Court may be assured that, in the event this Motion is granted, the members of the

class will receive the highest caliber of legal representation available.  Accordingly, the Court should

approve the lead and liaison counsel selected by Roseville.

## IV.      CONCLUSION

For all the foregoing reasons, Roseville respectfully requests that the Court:  (i) appoint it as

Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as set forth

herein; and (iii) grant such other relief as the Court may deem just and proper.

Dated:  June 8, 2010                              Respectfully submitted,


**/s/ Adam M. Stewart**
Thomas G. Shapiro (BBO #454680)
Adam M. Stewart (BBO #661090)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone:     (617) 439-3939
Facsimile:      (617) 439-0134
tshapiro@shulaw.com
astewart@shulaw.com

***Proposed Liaison Counsel***

Dennis J. Herman (admitted *pro hac vice*)
Phillip G. Freemon (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
Facsimile:  415/288-4534
dennish@rgrdlaw.com
gfreemon@rgrdlaw.com

- 8 -

526509_2

Darren J. Robbins
Tricia L. McCormick
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
Facsimile:  619/231-7423
darrenr@rgrdlaw.com
triciam@rgrdlaw.com

*Proposed Lead Counsel*

*Additional Counsel:*

Michael J. Vanoverbeke
Thomas C. Michaud
VANOVERBEKE MICHAUD & TIMMONY, P.C.
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
Facsimile:  313/578-1201
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's ECF system on June 8, 2010.

/s/ Adam M. Stewart_____
Adam M. Stewart